IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMMANUEL O. STEPHEN,

                      Petitioner,                     OPINION and ORDER

   v.

                                                      20-cr-62-jdp

UNITED STATES OF AMERICA,               24-cv-245-jdp

                      Respondent.

---

Petitioner Emmanuel O. Stephen pleaded guilty plea to one count of possession with intent to distribute 100 grams or more of a mixture or substance containing both heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(i). Case No. 20-cr-62-jdp, Dkt. 45 and Dkt. 54. He received a below-guideline sentence of 90 months incarceration. Now proceeding without counsel, Stephen seeks relief under 28 U.S.C. § 2255 Dkt. 3. He contends that his criminal history score was improperly calculated during sentencing.

I must preliminarily review the petition to vacate under Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 authorizes me to dismiss a petition to vacate summarily if "it plainly appears from the [petition], any attached exhibits, and the record of the prior proceedings that the [petitioner] is not entitled to relief." I will deny the petition because it is procedurally barred and fails on the merits.

I begin with the background. According to Stephen's presentence investigation report (PSR), his subtotal criminal history score was nine. Dkt. 47 in the '62 case, ¶ 53. Stephen received a criminal history point for a conviction in Dane County Case No. 10CF557. *Id.* ¶ 47. In that case, Stephen was charged with possession with intent to distribute cocaine (count one) and possession of marijuana (count two). *Id.* In July 2010, Stephen pleaded guilty to count

two and entered into a deferred prosecution agreement for count one. *See id.* Under the deferred prosecution agreement, count one was dismissed in March 2011 after Stephen completed a drug court treatment program. *See* docket sheet in the '557 case.

Because Stephen committed his federal offense while under a criminal sentence in Dane County Case No. 16CF1558, two points were added to his criminal history score. Dkt. 47 in the '62 case, ¶ 54; https://wcca.wicourts.gov/. The total criminal history score of 11 resulted in a criminal history category of V. Dkt. 47 in the '62 case, ¶ 55. But, because Stephen was a career offender, his criminal history category was VI. *Id.* Based on a total offense level of 31 and a criminal history category of VI, the advisory guideline range was 188 to 235 months. *Id.* ¶ 85. Without the application of the career offender guideline, Stephen's guideline range would have been 84 to 105 months. Dkt. 57 in the '62 case, at 1. I granted a variance and declined to follow the career offender guideline, imposing a 90-month term of imprisonment. *Id.*; *see also* Dkt. 53 and Dkt. 54 in the '62 case.

Now to the merits of Stephen's petition. Stephen contends the PSR's determination of the advisory guideline range was erroneous. Dkt. 3 at 2. Stephen says that he recently discovered that his convictions in the '557 Dane County case were "dismissed" well before the PSR was prepared. *See id.* at 2 & n.1. Stephen concludes, for reasons that aren't fully clear, that the alleged dismissal of both charges in the '557 case warrants a two-point reduction in his criminal history score. *See id.*

Stephen's contention has five problems. First, even if Stephen's criminal history score should have been nine and not 11, an error in calculating a petitioner's advisory guideline range doesn't justify § 2255 relief unless he was sentenced "when the guidelines were mandatory rather than merely advisory." *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013).

I sentenced Stephen under the advisory guidelines, so he can't pursue his claim of sentencing error in this proceeding.

Second, the record contradicts Stephen's contention that both of his convictions were dismissed in the '557 case. Both the PSR and the docket sheet in that case state that Stephen was convicted of count two (marijuana possession), and that only count one was subject to the deferred prosecution agreement and later dismissed. Petitioner's allegations don't suggest otherwise.

Third, petitioner was assessed only one criminal history point based on the '557 case. Dkt. 47 in the '62 case, ¶ 47. Even if the PSR's assessment of that point was erroneous, that would result in a criminal history score of ten. With a criminal history of ten, he would still be in criminal history category V. *See* Dkt. 57 in the '62 case, at 2. In any case, because Stephen was a career offender, his criminal history category was VI and the advisory guideline range was 188 to 235 months. *Id.* at 1. Even if Stephen could pursue his claim of sentencing error in this proceeding, he can't show that it affected the calculation of his guideline range or his ultimate sentence (which was well under the properly calculated range).

Fourth, Stephen's claim of sentencing error is procedurally defaulted. *See McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) ("A claim cannot be raised for the first time in a § 2255 [petition] if it could have been raised at trial or on direct appeal."). A petitioner can overcome procedural default with a showing of cause and prejudice or actual innocence. *Id.* But Stephen hasn't met these exceptions because his claim is meritless and doesn't suggest actual innocence.

Fifth, the petition is untimely. Stephen's judgment of conviction was entered on June 8, 2021. He did not appeal. So the applicable one-year statute of limitations started to

run 14 days later on June 22, 2021. *See* 28 U.S.C. § 2255(f)(1); *United States v. Gonzalez-Collado*, No. 20-cr-30, 2024 WL 2880610, at *2 n.2 (E.D. Wis. June 6, 2024). The statute of limitations expired one year later, on June 22, 2022. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

Stephen contends that the statute of limitations didn't start to run until shortly before he brought the petition because he "recently" discovered his claim. *See* Dkt. 3 at 2–3 (citing 28 U.S.C. § 2255(f)(4)). Section 2255(f)(4) provides that the one-year statute of limitations starts to run on "the date on which facts supporting the claim . . . presented could have been discovered through the exercise of due diligence." But count one in the '557 case was dismissed in March 2011, and Stephen would have (or at least should have) known about that result. Section 2254(f)(4) doesn't apply.

In sum, I will deny the petition because it's meritless and procedurally barred. I will not hold an evidentiary hearing because the "[petition] and the files and records of the case conclusively show that [Stephen] is entitled to no relief." 28 U.S.C. § 2255(b).

Because Stephen seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Stephen makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I dismissed the petition on substantive and procedural grounds, Stephen must show that reasonable jurists would debate whether my procedural ruling is correct and whether his petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Stephen hasn't made this showing, so I will deny a certificate of appealability. Stephen may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Emmanuel O. Stephen's petition, Dkt. 1 and Dkt. 3, is DENIED.

2. A certificate of appealability is DENIED.

3. The clerk is directed to enter judgment and send petitioner copies of this order and the judgment.

November 27, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge